IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DELARRON KEITH WASHINGTON                                    PETITIONER

vs.                    Civil Case No. 5:06CV00274 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than Friday, September 28, 2007.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus by Delarron Keith Washington, an inmate of the Arkansas Department of Correction. Petitioner was convicted by a jury of burglary, battery and aggravated robbery and he is serving an aggregate sentence of forty-four years imprisonment. The Arkansas Court of Appeals affirmed his convictions on direct appeal. Washington v. State, No. CACR 04-18 (Oct. 27, 2004) (unpublished)(Respondent's

2

Exhibit A to Brief in Support of Motion to Dismiss (DE #6)). Petitioner filed a motion for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on January 14, 2005 (Petitioner's Exhibit to Petition for Writ of Habeas Corpus, (DE # 2, p.20)), which the trial court denied (Petitioner's Exhibit to Petition for Writ of Habeas Corpus, (DE # 2, p.33)). Petitioner appealed, but the Arkansas Supreme Court dismissed the appeal on May 18, 2006 (Petitioner's Exhibit to Petition for Writ of Habeas Corpus, (DE # 2, pp. 34, 46))).

In these proceedings, Petitioner raises the following grounds for relief:

> 1.   The court erred in finding that trial counsel rendered effective assistance under the Sixth and Fourteenth Amendments to the U.S. Constitution;
>
> 2.   The court below erred in denying Petitioner's Rule 37 motion without an evidentiary hearing;
>
> 3.   The case should be "remanded because the 'Order' entered by the court below contains no findings of fact as required by Ark. R. Crim. P. 37.3;"
>
> 4.   This case should be "remanded because the Mandate entered by the court below should not have been imposed upon Mr. Washington" because it violates the Due Process Clause and the Ex Post Facto Clause of the Constitution; and
>
> 5.   The prosecutor failed to disclose exculpatory evidence and then used the absence of that evidence to impeach Petitioner's credibility during closing argument.

Respondent has filed a Motion to Dismiss, contending the petition should be dismissed as untimely.

I.

Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Thus, a state court judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing such a petition. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc).

Rule 13.1 of the United States Supreme Court Rules provides that the ninety-day time period runs from the entry of judgment by a state court of last resort, or, if the judgment is from a lower state court, from the entry of an order by the court of last resort denying discretionary review. Petitioner in the present case did not seek discretionary review by the Arkansas Supreme Court of the Arkansas Court of Appeals' decision affirming his conviction. Recently, the Eighth Circuit Court of Appeals held that, under Nichols, "a Missouri state prisoner's judgment becomes final within the meaning of 28 U.S.C. § 2244(d)(1)(A) exactly ninety days after his conviction is affirmed on direct appeal, even if he has not

4

filed a motion for transfer to the Missouri Supreme Court." <u>Pierson v. Dormire</u>, 484 F.3d 486, 495 (8th Cir. 2007).

There is no need to decide whether this finding applies to Arkansas inmates and benefits Petitioner, because, even if it does apply and Petitioner's conviction was not final until ninety days after the Court of Appeals affirmed his conviction, his petition here would be untimely.

The Court of Appeals issued its opinion dismissing Petitioner's direct appeal on October 27, 2004, making his conviction final, if <u>Pierson</u> applies, on January 25, 2005. The one-year limitations period expired on January 25, 2006, but Petitioner did not file his federal habeas petition until October 19, 2006. However, the statute provides that the running of the limitations period shall be tolled for the entire period a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "time limits upon its delivery." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000). Petitioner's Rule 37 petition was pending from January 14, 2005, to May 18, 2006. If the Rule 37 petition was "properly filed," the present petition is timely. If the Rule 37 petition was not "properly filed," the running of the limitations period was

not tolled during this time and the present petition is untimely.

II.

Although neither party submitted a copy of the Arkansas Supreme Court' order dismissing Petitioner's Rule 37 appeal, both parties assert the court dismissed the appeal because Petitioner did not verify the Rule 37 petition, even though his Rule 37 attorney did sign the verification. Respondent argues the petition was not "properly filed" because verification is a "condition to filing" as discussed by the Court in Artuz, 531 U.S. at 11. Petitioner contends his violation of the verification rule cannot defeat federal habeas corpus review, because it was not firmly established, regularly followed and consistently applied, a principle long recognized in relation to the habeas corpus procedural default doctrine.

Relief in this case is precluded by Walker v. Norris, 436 F.3d 1026, 1031 (8th Cir. 2006). In Walker, the Eighth Circuit Court of Appeals held that an "unverified petition was not 'properly filed' for purposes of tolling the limitations period." Haliburton v. Norris, 2007 WL 234872, *4 (E.D. Ark. August 13, 2007). Although Haliburton involved a procedural default issue rather than a timeliness issue, the court, in reaching its conclusion that the verification rule was an adequate and independent state procedural bar in the traditional sense of procedural default, noted that the

Arkansas Supreme Court has long held that the language of Rule 37.1 "means that a motion for post-conviction relief must be verified by a petitioner as a prerequisite for jurisdiction, 'a requirement of substantive importance to prevent perjury.'" <u>Id.</u>  The <u>Haliburton</u> court further noted the state court extended this to a petition that was signed by counsel rather than the petitioner, even though it disposed of the petition on other procedural grounds, <u>Boyle v. State</u>, 362 Ark. 248 (2005), and later in <u>Ratchford v. State</u>, 2006 WL 1032377 (Ark.2006) (unpublished <u>per curiam</u>), explained that the holding in <u>Boyle</u> "merely confirmed a position already announced by this court that has long been the rule of law in this state." <u>Haliburton</u>, 2007 WL 234872 at *4.  I find the verification rule is an adequate and independent basis for dismissal of Petitioner's Rule 37 petition, and that the petition was not "properly filed." Thus, the running of the limitations period was not tolled during the time the Rule 37 petition was pending, and the present federal habeas petition is untimely.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 21st day of September, 2007.

Henry L. Jones, Jr.
_____
United States Magistrate Judge

7