IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DELARRON KEITH WASHINGTON**                                        **PETITIONER**

VS.                         **CASE NO. 5:06CV00274 BRW/PSH**

**WENDY KELLEY, Director[1] of the**
**Arkansas Department of Correction**                                **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Following a 2003 jury trial in Union County, DeLarron Keith Washington ("Washington") was found guilty of burglary, battery, and aggravated robbery, and was sentenced to forty-four years of imprisonment in the Arkansas Department of Correction (ADC). His convictions were affirmed on direct appeal. *Washington v. State*, No. CACR 04-18 (Oct. 27, 2004) (unpublished). Washington then sought post-conviction relief pursuant to a Rule 37 petition. The trial court denied relief on the merits. Docket entry no. 2, page 53. The Arkansas Supreme Court summarily dismissed the appeal because Washington failed to verify the Rule 37 petition as required by Ark. R. Crim. P. 37.1(d)(2005). Docket entry no. 2.

---

[1] Wendy Kelley is the current director the ADC. When this case was originally filed, Larry Norris held that position, and the style of the case reflected that.

In October 2006, Washington filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged as grounds ineffective assistance of trial counsel, failure of the trial court to hold an evidentiary hearing on Washington's Rule 37 petition, failure of the trial court to make written findings of fact in its order denying Rule 37 relief, error by the Arkansas Supreme Court in dismissing his appeal of the Rule 37 denial due to a procedural violation, and failure of the prosecution to disclose exculpatory evidence. See docket entry no. 2.

United States Magistrate Judge Henry L. Jones, Jr. recommended dismissal of the habeas petition as untimely in a September 2007 Report and Recommendation. Docket entry no. 10. United States District Judge Billy Roy Wilson adopted the Report and Recommendation, and Judgment was entered denying relief in October 2007. Docket entry no. 13. In November 2007, Judge Wilson denied Washington's request for a certificate of appealability. Docket entry no. 16. Washington then sought a certificate of appealability from the Eighth Circuit Court of Appeals, which denied his request in January 2008. Docket entry no. 22. Additional requests for permission from the Eighth Circuit Court of Appeals to file a second or successive habeas corpus petition were denied in October 2008 and January 2009. Docket entry nos. 25 and 27.

Now, about seven and a half years after the last ruling by the Eighth Circuit Court of Appeals, Washington has filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[2] He seeks review of ineffective assistance of counsel claims pursuant to the decisions of the United States Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).[3] For the reasons stated below, the Court recommends that Washington's motion be denied.

To the extent Washington's issues do not constitute "claims" for purposes of a second or

---

[2] Fed. R. Civ. P. 60(b)(6) provides that a court may relieve a party from a final judgment "for any other reason that justifies relief."

[3] These cases held that a federal habeas court may excuse the procedural default of a substantial ineffective assistance at trial claim when the claim was not properly presented in state court because of an attorney's errors in an initial-review collateral proceeding.

successive habeas petition and are properly asserted in a Rule 60(b)(6) motion, Washington is not entitled to relief. "To warrant relief from a judgment under Rule 60(b)(6) of the Rules of Federal Civil Procedure, the motion must demonstrate 'extraordinary circumstances.'" *Ferguson v. Hobbs*, No. 5:11cv267, 2013 WL 4431294, *2 (E.D. Ark. Aug. 16, 2013 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Washington asserts such circumstances exist in the form of the decisions from the Supreme Court in *Martinez* in 2012 and *Trevino* in 2013. However, in *Ferguson*, United States District Court Susan Webber Wright considered this argument and held that *Martinez* and *Trevino* do not constitute "extraordinary circumstances" sufficient to support Rule 60(b)(6) relief. *Id. See also McCullough v. Kelley,* No. 5:07cv15-BSM, slip op. at 1 (E.D. Ark. March 25, 2016)(adopting Magistrate Judge's findings and recommendation that *Martinez* and *Trevino* do not constitute extraordinary circumstances justifying relief under Rule 60(b)(6)); *Scott v. Hobbs,* 2014 WL 3700581 (E.D. Ark. 2014); *Hill v. Hobbs,* No. 5:13cv00015-JLH, slip op. at 3 (E.D. Ark. June 6, 2014); *Diaz v. Stephens*, 731 F.3d 370 (5th Cir. 2013) (*Martinez* decision is not an extraordinary circumstance, and the subsequent *Trevino* decision does not change that conclusion in any way). We find Washington fails to demonstrate "extraordinary circumstances" meriting Rule 60(b)(6) relief. Accordingly, we recommend the motion (docket entry no. 29) be denied.[4]

Finally, to the extent Washington's motion could be deemed to constitute a "claim," it is an attempt to file a second or successive habeas petition, and must be dismissed because Washington has not first obtained the permission of the Eight Circuit Court of Appeals to file the petition. *See* 28 U.S.C. § 2244(b); *see also Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009).

For the foregoing reasons, we recommend the motion for Rule 60(b)(6) relief be denied.

---

[4]Additionally, the Court agrees with Kelley that Washington did not file his motion within a reasonable time as required by Fed. R. Civ. P. 60(c). Washington's motion was filed June 2, 2016, four years after *Martinez* was decided, and three years after *Trevino* was decided. *See, e.g., Boyle v. Kelly*, 2015 WL 235205 (E.D. Ark. 2015)(Rule 60 motion filed 19 months after *Trevino* and 33 months after *Martinez* untimely).

IT IS SO ORDERED this 26th day of October, 2016.

                                                                                      _____
UNITED STATES MAGISTRATE JUDGE